UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN IOWA
CENTRAL DIVISION

| | |
|---|---|
| LOLA'S FINE SAUCES, INC., <br> Plaintiff, <br> v. <br> ECOIDEAS INNOVATION INC., <br> Defendant. | CASE NO. 4:26-CV-00021-RGE-WPK <br><br> **BRIEF IN SUPPORT COUNTER-DEFENDANT LOLA'S FINE SAUCES, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT** |

## INTRODUCTION

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). EcoIdeas Innovation, Inc.'s ("EcoIdeas") counterclaim against Lola's Fine Sauces, Inc. (Lola's) is the quintessential example of such "[t]hreadbare recitals." It must be dismissed. But if the Court is disinclined to dismiss the claim outright, EcoIdeas, at an absolute minimum, should be required to provide a more definite statement pursuant to Rule 12(e).

## BACKGROUND

On December 17, 2025, Lola's filed a complaint (the "Lola's Complaint") against EcoIdeas, alleging various breaches of a Contract Manufacturing Agreement (the "Agreement") in 2023 and 2024. ECF 1-1. The Lola's Complaint contains detailed allegations regarding the Agreement, its terms and conditions, Lola's' obligations under the Agreement, and EcoIdeas's breach, including the production of unsightly items and still-fermenting products. *Id.*

Ecoideas removed the case. ECF CITE. It answered and filed its counterclaim on January 16. ECF CITE. EcoIdeas' Counterclaim is the definition of a threadbare recital. It offers no details;

it provides no identifiable basis for its claim; and it alleges no plausible facts. *See* ECF 3 at 9. EcoIdeas' Counterclaim states in its entirety:

> 1. EcoIdeas and Lola's entered into a Contract Manufacturing Agreement with an effective date of October 20, 2023.
>
> 2. The Contract Manufacturing Agreement is a valid and enforceable contract.
>
> 3. EcoIdeas has complied with its obligations under the Contract Manufacturing Agreement.
>
> 4. Lola's has breached the Contract Manufacturing Agreement by failing to pay EcoIdeas amounts owed to it in excess of $200,000.
>
> 5. EcoIdeas has been harmed by Lola's breach of the Contract Manufacturing Agreement.

ECF 3 at 9.

## ARGUMENT

**I. Counterclaims are judged by Rule 12(b)(6) standards, which require factual statements sufficient to raise a plausible claim.**

Rule 12(b)(6) standards are well known: "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The same analysis applies to counterclaims. *See Summers Mfg. Co., Inc. v. Tri-Cnty. AG, LLC*, 300 F. Supp. 3d 1025, 1031-32 (S.D. Iowa 2017) ("Put simply, a counterclaim must stand on its own."). A claim is facially plausible only when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A party must plead *factual matters* to continue in a suit. "[A] formulaic recitation of the elements of a cause of action will not do," nor is a court "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 570; *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The complaint must "give the defendant fair notice of what the … claim is and the grounds

upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). Beyond this, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 570. If the party asserting the claim cannot meet these standards, its claim must be dismissed.

Under Rule 12(e), "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *Allied Manatts Grp., LLC v. Qwest Corp.*, No. 3:18-CV-0020-JAJ, 2018 WL 11449334, at *2 (S.D. Iowa Apr. 17, 2018). Although typically not used based on a "want of detail," where "a party is unable to determine the issues he must meet," a Rule 12(e) motion may be appropriate. *See CRST Expedited, Inc. v. Knight Transp., Inc.*, No. 17-CV-24 CJW, 2018 WL 1369920, at *2-3 (N.D. Iowa Mar. 15, 2018) (quotations and citations omitted). A complete lack of specifics may be a reason to require the party asserting the claim to provide more detail. *See id.* at *6.

**II.  EcoIdeas pleads legal conclusions couched as factual allegations.**

The EcoIdeas counterclaim is the quintessential example of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Twombly,* 550 U.S. at 545. To prevail on its counterclaim under Iowa law, EcoIdeas must show:

> (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Iowa Arboretum, Inc. v. Iowa 4-H Found.*, 886 N.W.2d 695, 706 (Iowa 2016). EcoIdeas simply repeats these elements without *any* factual matter---much less "sufficient" factual matter—alleging it entered a valid and enforceable contract with Lola's, that it complied with its obligations, that Lola's breached the contract by failing to pay, and that EcoIdeas was harmed by the breach. In other words, it simply repeats the elements of a breach of contract claim under Iowa law.

EcoIdeas does not identify the terms and conditions of the Agreement, and, accordingly, it does not identify what provision was allegedly breached. Less than two years ago, this Court rejected the same kind of threadbare recitals:

> [The] breach of contract claim states—in its entirety: "The Parties entered into an enforceable contract." "[Jacobson] fulfilled its obligations under the contract." "Defendants breached their obligations under the contract by failing to pay [Jacobson] as reflected by the Agreement." "Defendants' breach has caused [Jacobson] to suffer damages in the total amount of $6,127,965.00."
>
> Jacobson pleads breach-of-contract claim element one—existence of a contract—although he does not specify the contract to which he is referring. Jacobson pleads breach-of-contract claim element three—he performed his obligations under the contract—although, again, he does not specify which contract. Jacobson pleads breach-of-contract claim element four—Defendants breached the contract—although, again, he does not specify which contract. And Jacobson pleads breach-of-contract claim element five—he suffered damages because of Defendants' breach—although he does not refer to either—or any—contract. Missing from Jacobson's second amended complaint are facts regarding J&J Land's contractual obligations under either or any contract with Jacobson.
>
> *   *   *
>
> By omitting facts regarding the terms of the contract between Jacobson and J&J Land, Jacobson fails to state a plausible claim for breach of contract.

*Jacobson, Tr. for Jacobson 2021 Fam. Tr. v. Pettit*, No. 4:23-CV-00137-RGE-HCA, 2024 WL 948010, at *4-5 (S.D. Iowa Feb. 22, 2024) (Ebinger, J.).

EcoIdeas's counterclaim is strikingly similar to the claim dismissed in *Jacobson*. Like in *Jacobson*, EcoIdeas' counterclaim merely restates the elements of a breach of contract claim, and, although here EcoIdeas at least identifies the *contract* (an issue the *Jacobson* parties failed to do), it fails to identify anything else. *See id.*; ECF 3 at 9. EcoIdeas does not identify the terms and conditions at issue. It does not identify what provision was allegedly breached. It does not identify the basis of its harm—i.e., why Lola's allegedly owes it money. Which part of the contract called for such payments? When was the contract breached? How was the contract breached? What services did EcoIdeas provide such that Lola's became allegedly indebted?

4

Simply pleading that Lola's owes EcoIdeas money does not provide "fair notice" of EcoIdeas' claims against Lola's. *Twombly*, 550 U.S. at 555. It is exactly the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" the pleading standards forbid. *Est. of Brown v. Affiliated Workers Ass'n*, No. 3:14-CV-00031-SMR-CFB, 2014 WL 12601569, at *3 (S.D. Iowa May 30, 2014) (citing *Twombly*, 550 U.S. at 555). These "threadbare recitals" of the elements of breach of contract do not adequately put Lola's on notice of the nature of the counterclaim or "the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Lola's cannot properly respond to a counterclaim devoid of anything but legal conclusions. Ecoideas' Counterclaim must be dismissed.

### III.     EcoIdeas' pleading is so vague that Lola's cannot reasonably prepare a response.

If the Court believes the pleading is sufficient to create a plausible claim, Lola's requests the Court require EcoIdeas to provide a more definite statement, such that Lola's may reasonably prepare a response. The Counterclaim does not identify any details, including the terms and conditions of the contract as EcoIdeas views it; what obligations EcoIdeas allegedly fulfilled such that Lola's is indebted to it; why Lola's should be required to pay EcoIdeas; or what provision Lola's allegedly breached. EcoIdeas should be required to provide this information such that Lola's can prepare a response.

Requiring EcoIdeas to file a more definite statement would benefit the parties and the Court, as it would clarify the issues at an early stage and spare judicial resources that may arise from a factually deficient complaint. *See Martin v. Brott*, No. 24-CV-00964 (PJS/ECW), 2025 WL 1687834, at *3 (D. Minn. May 16, 2025), *report and recommendation adopted*, No. 24-CV-0964 PJS/ECW, 2025 WL 1685769 (D. Minn. June 16, 2025) (granting motion for more definite statement "for purposes of judicial economy and efficiency."). Although Lola's believes dismissal is appropriate, it requests, at a minimum, the Court order EcoIdeas to identify the details of the contract EcoIdeas asserts is at issue and identify the alleged breach.

## CONCLUSION

EcoIdeas cannot simply copy and paste the elements of a breach of contract claim and move forward. The law does not allow it. Without any specifics or a showing of plausibility, EcoIdeas' Counterclaim should be dismissed. But if the Court disagrees, Lola's is, at a minimum, entitled to know the basis of the claim against it—what are the terms and conditions of the contract at issue; how did EcoIdeas fulfill them; why is Lola's allegedly indebted; what terms did Lola's breach—and a more definite statement is appropriate.


Dated: February 6, 2026                                          Respectfully submitted,


                                                                 BELIN McCORMICK, P.C.

                                                                  /s/ Matthew D. Callanan
                                                                 Matthew D. Callanan          AT0011813
                                                                 Joe N. Oswald                AT0016579
                                                                 606 Walnut Street, Suite 2000
                                                                 Des Moines, IA 50309-3989
                                                                 Telephone: (515) 283-4639
                                                                 Facsimile:  (515) 558-0639
                                                                 Email: mdcallanan@belinmccormick.com;
                                                                 jnoswald@belinmccormick.com
                                                                 ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify on February 06, 2026, I electronically filed the foregoing with the Clerk of Court using the Iowa Electronic Document Management System which will send a notice of electronic filing to the following parties of record:

Jason J. O'Rourke
Grace E. Mangieri
Lane & Waterman LLP
220 North Main Street, Suite 600
Davenport, Iowa 52801
jorourke@L-WLaw.com
gmangieri@l-wlaw.com
*Attorneys for Defendant*

Signature:  */s/ Stephanie Anderson*