IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LOLA'S FINE SAUCES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> ECOIDEAS INNOVATION, INC., <br><br> Defendant and Counterclaim Plaintiff. | No. 4:26-cv-00021-RGE-WPK <br><br> ORDER GRANTING PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM |

**I.     INTRODUCTION**

Plaintiff and Counterclaim Defendant Lola's Fine Sauces, Inc., brings suit against Defendant and Counterclaim Plaintiff EcoIdeas Innovation, Inc., for breach of contract related to hot sauce production and packaging. Lola's claims arise from an agreement between the parties governing the production and distribution of mini bottles of Lola's hot sauces by EcoIdeas. EcoIdeas answers and brings a counterclaim against Lola's, alleging EcoIdeas complied with the terms of the contract and Lola's failed to pay EcoIdeas amounts owed under the contract. Lola's moves to dismiss the counterclaim for failure to state a claim. For the reasons set forth below, the Court grants Lola's motion to dismiss the counterclaim.

**II.    BACKGROUND**

**A.     Factual Background**

The Court accepts the following facts alleged in the answer and counterclaim, which include facts from Lola's complaint that EcoIdeas admitted as true in its answer and counterclaim, as true for the purpose of considering Lola's motion to dismiss the counterclaim. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014); *Legacy Drilling, LLC v. Henry Hill Oil Servs. LLC*, No. 1:19-CV-00256, 2020 WL 6202323, at *1 (D.N.D. Apr. 14, 2020).

Lola's and EcoIdeas entered into a valid and enforceable Contract Manufacturing Agreement ("the Agreement") on October 20, 2023. Def.'s Answer & Countercl. ¶¶ 7, 34, ECF No. 3. The Agreement required Lola's to pay EcoIdeas for all units "manufactured and delivered." *Id.* ¶ 9. The Agreement also stated, "[EcoIdeas] shall ensure that the Products meet or exceed all of Company's Specifications and standards." *Id.* ¶ 10 (alteration in original). The Agreement contained an indemnification provision. *Id.* ¶ 13.

EcoIdeas alleges in its counterclaim "EcoIdeas has complied with its obligations under the Contract Manufacturing Agreement," "Lola's has breached the Contract Manufacturing Agreement by failing to pay EcoIdeas amounts owed to it in excess of $200,000," and "EcoIdeas has been harmed by Lola's breach of the Contract Manufacturing Agreement." *Id.* at 9.

Additional facts are set forth below as necessary.

### B.     Procedural Background

Lola's filed a petition in the Iowa District Court for Polk County, alleging breaches of contract related to labeling, packaging, and manufacturing mini bottles of hot sauce (Count I). Pet. ¶¶ 32–40, ECF No. 1-1. EcoIdeas removed to this Court. Def.'s Notice Removal, ECF No. 1.

EcoIdeas filed an answer and counterclaim for breach of contract, alleging EcoIdeas complied with its obligations under the contract and Lola's failed to pay EcoIdeas amounts owed under the contract. ECF No. 3.

Lola's moves to dismiss EcoIdeas' counterclaim for failure to state a claim. Pl.'s Mot. Dismiss Countercl., ECF No. 8; Pl.'s Br. Supp. Mot. Dismiss Countercl., ECF No. 8-1. EcoIdeas resists. Def.'s Resist. Pl.'s Mot. Dismiss Countercl., ECF No. 13. Lola's replies. Pl.'s Reply Supp. Mot. Dismiss Countercl., ECF No. 14.

The parties did not request oral argument and the Court declines to order it, finding the parties' briefing adequately presents the issues. *See* Fed. R. Civ. P. 78(b); LR 7(c). Having

considered the parties' briefing and applicable law, the Court grants Lola's motion to dismiss the counterclaim for the reasons set forth below.

### III. LEGAL STANDARD

Under Rule 12(b)(6), a party may move for dismissal of a claim or counterclaim if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(60. "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A [counter]claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.*; *accord Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). The aim of the plausibility standard "is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

Although the court must draw all reasonable inferences from the facts alleged in a party's counterclaim, if a dispositive issue of law shows no claim exists on the face of the pleadings, a court may dismiss a counterclaim under Rule 12(b)(6). *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). Furthermore, a court need not accept a party's legal conclusions, only its factual allegations. *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010).

In ruling on a Rule 12(b)(6) motion to dismiss a counterclaim, a court's review is limited to the counterclaim, "matters incorporated by reference or integral to the [counter]claim, items subject to judicial notice, [and] matters of public record." *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 954 (8th Cir. 2007) (alteration in original) (internal quotation

marks and citation omitted). Matters "outside the pleading" are not considered, including "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings."[1] *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan Wright, et al., Federal Practice and Procedure § 1366); *see also Summers Mfg. Co., Inc. v. Tri-Cnty. AG, LLC*, 300 F. Supp. 3d 1025, 1035 (S.D. Iowa 2017) (collecting cases).

## IV.    DISCUSSION

The Court first considers Lola's motion to dismiss for failure to state a claim. The Court then considers EcoIdeas' request to amend the counterclaim.

### A.    Lola's Motion to Dismiss Counterclaim

Lola's argues the Court must dismiss EcoIdeas' counterclaim because "[t]he EcoIdeas counterclaim is the quintessential example of '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" ECF No. 8-1 at 3 (quoting *Iqbal*, 556 U.S. at 678). EcoIdeas contends it has "sufficiently alleged all aspects of its breach of contract claim and shown it is entitled to relief, and Lola's has been placed on notice and can adequately respond to EcoIdeas' Counterclaim." ECF No. 13 at 6.

To establish a breach of contract claim under Iowa law, EcoIdeas must show: 1) the existence of a contract; 2) the terms and conditions of the contract; 3) that it has performed all the

---

[1] EcoIdeas attaches to its resistance to the motion to dismiss the counterclaim a letter sent by EcoIdeas' counsel to Lola's counsel prior to the initiation of litigation. *See* Ex. A Supp. Def.'s Resist. Pl.'s Mot. Dismiss Countercl., ECF No. 13-1. EcoIdeas relies in part on this letter to provide factual support for its counterclaim. *See* Def.'s Resist. Pl.'s Mot. Dismiss Countercl. 7, ECF No. 13 ("If Lola's wants specifics, it can engage in discovery, or it can review the letter previously sent to its counsel."). The letter is a "matter outside the pleading" because it is "written [] evidence in support of . . . the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014). Therefore, the Court does not consider the letter submitted by EcoIdeas nor its contents when evaluating Lola's motion to dismiss.

4

terms and conditions required under the contract; 4) Lola's breach of the contract; and 5) that it has suffered damages as a result of the breach. *See Iowa Arboretum, Inc. v. Iowa 4-H Found.,* 886 N.W.2d 695, 706 (Iowa 2016). Counterclaims are held to the same pleading standard as claims in a complaint; EcoIdeas' counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly,* 550 at 557).

EcoIdeas' counterclaim merely recites the elements of a breach of contract claim and does not "nudge[] [its] claims across the line from conceivable to plausible." *Twombly*, 550 at 570. The entirety of EcoIdeas' counterclaim states:

> 1. EcoIdeas and Lola's entered into a Contract Manufacturing Agreement with an effective date of October 20, 2023.
> 2. The Contract Manufacturing Agreement is a valid and enforceable contract.
> 3. EcoIdeas has complied with its obligations under the Contract Manufacturing Agreement.
> 4. Lola's has breached the Contract Manufacturing Agreement by failing to pay EcoIdeas amounts owed to it in excess of $200,000.
> 5. EcoIdeas has been harmed by Lola's breach of the Contract Manufacturing Agreement.

ECF No. 3 at 9. EcoIdeas' argument that "courts can consider the allegations in a plaintiff's complaint that the defendant admitted as true in it answer and counterclaim" does not save the counterclaim. *See* ECF No. 13 at 4. The Court laid out the facts EcoIdeas admitted as true from Lola's complaint above, *see supra* Section II.A; these facts do not provide sufficient factual matter to state a breach of contract claim by EcoIdeas. *Cf. Iqbal*, 556 U.S. at 678. EcoIdeas alleges the existence of a contract, but does not provide facts related to the terms and conditions of the contract or facts supporting EcoIdeas' performance of the terms and conditions required under the contract. *Cf. Iowa Arboretum,* 886 N.W.2d at 706. Nor does EcoIdeas proffer facts underlying Lola's breach of the contract or the factual basis for damages. *Cf. id.* EcoIdeas merely provides a "formulaic

5

recitation of the elements of a cause of action." *Twombly*, 550 at 555.

Because EcoIdeas' counterclaim contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," the Court grants Lola's motion to dismiss the counterclaim. *Cf. Iqbal*, 556 U.S. at 678.

### B.     EcoIdeas' Request to Amend Counterclaim

EcoIdeas seeks leave to amend its counterclaim. ECF No. 13 at 7. The request is denied.

EcoIdeas has improperly combined its motion to amend with its resistance to Lola's motions to dismiss the counterclaim. *See* LR 7(e) ("A resistance to a motion may not include a separate motion or a cross-motion by the responding party. Any separate motion or cross-motion must be filed separately as a new motion."). EcoIdeas also fails to include a representation that counsel has conferred in good faith with counsel for the opposing parties concerning the motion. *See* LR 7(k) ("All nondispositive motions [including motions to amend] must contain a representation that counsel for the moving party personally has conferred in good faith with counsel for all other parties . . . concerning the motion, and a statement of whether or not the other parties consent to the motion."). Further, EcoIdeas has not provided specific information describing the changes sought with its proposed amendment, stating only it seeks to amend its counterclaim. ECF No. 13 at 7; *see* LR 15 ("A party moving to amend or supplement a pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) [ ] must describe in the motion the changes sought.").

EcoIdeas has not complied with the local rules in moving for leave to amend its counterclaim. Without specific information about the changes sought by the proposed amendments, the Court cannot rule on their adequacy. Accordingly, EcoIdeas' request for leave to amend its counterclaim is denied.

## V.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff Lola's Fine Sauces, Inc.'s Motion to Dismiss the Counterclaim, ECF No. 8, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Lola's Fine Sauces, Inc.'s Alternative Motion for a More Definite Statement, ECF No. 8, is **DENIED as moot.**

**IT IS SO ORDERED**.

Dated this 5th day of March, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE