IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LOLA'S FINE SAUCES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ECOIDEAS INNOVATION, INC.,<br><br>Defendants. | 4:26-cv-00021-RGE-WPK<br><br>ORDER RE: MOTION TO WITHDRAW AS COUNSEL OF RECORD |

Counsel for Defendant, EcoIdeas Innovation, Inc. (EcoIdeas), filed a Motion to Withdraw as Counsel of Record on August 3, 2026. ECF No. 28. No opposition to the Motion was filed. A hearing on the Motion was held on September 8, 2026. Attorney Matthew Callanan appeared on behalf of Plaintiff. Attorney Jason O'Rourke appeared on behalf of Defendant. Mr. O'Rourke represented that EcoIdeas is involved in bankruptcy proceedings in Canada. ECF No. 28. The following facts are important to whether Defendant's attorneys of record should be allowed to withdraw.

## I. PROCEDURAL BACKGROUND

1. Lola's Fine Sauces, Inc. (Lola's) filed a petition in the Iowa District Court for Polk County, alleging breaches of contract related to labeling, packaging, and manufacturing mini bottles of hot sauce (Count I). Pet. ¶¶ 32–40, ECF No. 1-1.

2. Lane & Waterman LLP agreed to represent EcoIdeas, a Canadian corporation. EcoIdeas removed the state court litigation to this Court. Def.'s Notice Removal, ECF No. 1. EcoIdeas then filed an Amended Answer and Counterclaim against Lola's. ECF No. 22.

3. Mr. O'Rourke stated that EcoIdeas has ceased operations and that there are no officers or representatives presently directing the defense of this litigation, nor are there ongoing operations or assets to pay attorneys for representation. ECF No. 28.

4. On July 28, 2026, an attorney at Lane & Waterman notified the last-known contacts at EcoIdeas, Rafic Sidani, Elroy deXavier and Takudzwa Chinyani, that counsel intended to file a Motion to Withdraw. *Id*.

5. No objection or response was received from any of those contacts. *Id*.

6. Miller Thomson LLP, a Toronto, Ontario law firm, sent an email to Mr. O'Rourke, asserting that it represents 1001611870 Ontario Inc., the purchaser of the corporation formerly known as EcoIdeas. ECF No. 29. Miller Thompson provided a Canadian Reverse Vesting Order (RVO) that it claims shows the sale of the shares of EcoIdeas, and the vesting of certain liabilities into a residual corporation (ResidualCo), which it understands to be deemed bankrupt effective July 21, 2026. *Id*. The email states that the current litigation claims in this lawsuit are vested in ResidualCo. It concludes that the litigation between Lola's and EcoIdeas will be subject to any eventual claims process in the Canadian bankruptcy matter. *Id*.

7. Lane & Waterman argue that because EcoIdeas is a corporation that has ceased operations and there are no officers or representatives presently directing this litigation, it should be allowed to withdraw. *Id*. It also asserts that no bankruptcy trustee, receiver, monitor, or other fiduciary has contacted Lane & Waterman or entered an appearance in this action on behalf of EcoIdeas. *Id*.

8. Knowing that EcoIdeas was involved in a bankruptcy matter in Canada and has ceased operations, Lola's wants to continue with this lawsuit and pursue a judgment in the Southern District of Iowa.

9. The parties participated in a Scheduling Conference and have a five-day jury trial scheduled for June 21, 2027.

**II. LEGAL STANDARD**

Lane & Waterman wants to withdraw because EcoIdeas is a corporation that has ceased operations and there are no officers or representatives presently directing this litigation. It raised ethical concerns about representing an entity that ceased operations and was involved in a Canadian bankruptcy proceeding. It is well-established "the law does not allow a corporation to proceed *pro se*." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Further, as noted by the Eighth Circuit, a corporate defendant is technically in default if a court permits its counsel to withdraw unless substitute counsel has already appeared. *Ackra Direct*, 86 F.3d at 857. These rules also apply to partnerships and limited liability corporations. *Rowland,* 506 U.S. at 202 (1993); *Tinker & Chance v. Zowie Intertainment, Inc.,* 15 Fed. App'x 827, 828 (Fed. Cir. 2001) ("All artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney."). Therefore, if this Court were to grant the Motion to Withdraw without substitution of counsel the corporate Defendant here could technically be in default and Plaintiff could file for default judgment against it.

"The decision whether to allow counsel to withdraw is left to the discretion of the district court." *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994). In deciding a motion to withdraw, courts must balance several competing factors, including: "(1) the reasons for withdrawal; (2) resulting prejudice, if any, to the parties; (3) the effect withdrawal may have on the administration

of justice; and (4) the delay in resolution of the case that would result from the withdrawal." *Ivers v. CMFG Life Ins. Co.*, No. CV 15-1577 (WMW/JJK), 2016 WL 11031189, at *1 (D. Minn. Apr. 5, 2016) (citing *Gold's Gym Licensing, LLC v. K-Pro Mktg. Grp., Inc.*, 2009 WL 3520858, at *4 (D. Minn. Oct. 26, 2009)).

In addition to these factors, withdrawal of an attorney is governed by Local Rule 83 of the Local Rules of the United States District Court for the Southern District of Iowa and the Iowa Rules of Professional Conduct. Local Rule 83(d)(6) states,

> A lawyer who has appeared of record in a case and desires to withdraw from representation of a party is not relieved of his or her duties to the court, to the client, or to opposing counsel until one of the following is satisfied: (A) another lawyer has appeared of record for the client, and the withdrawing lawyer has filed a notice of withdrawal with the Clerk of Court and has served the notice on opposing counsel and the client; or (B) the withdrawing lawyer has filed a motion to withdraw with the Clerk of Court, has served the motion on opposing counsel and the client, and has received leave of court to withdraw for good cause shown. A motion to withdraw must indicate the trial date and must contain a list of all pending motions and the dates on which they were filed.

## III. MERITS

As an initial matter, attorneys for EcoIdeas have attempted to comply with Local Rule 83. They have provided good reasons to withdraw based on their ethical obligations, lack of client direction or involvement, and the lack of funds to get paid for their work. The trickier issue is how to serve a Canadian corporate client in bankruptcy that has ceased operations so it is on notice that if they do not get counsel, they will be held in default. In looking at the other factors, the Court notes that Plaintiff has neither opposed the motion to withdraw nor asserted it will suffer any prejudice from the Court's granting of the pending motion. It believes that it can get a default judgment and then use further resources to determine how to collect on that judgment.

On the other hand, there is a high risk of prejudice to corporate defendants whose counsel seek to withdraw and leave the corporation unrepresented because "a corporation may appear in

the federal courts only through licensed counsel." *Rowland*, 506 U.S. at 202. Additionally, EcoIdeas has a pending counterclaim. This Court takes no position on whether it is a viable or valuable counterclaim, but the corporate entity could be financially harmed by leaving a counterclaim up to dismissal. Even though a default judgment is probable, the former client contacts have not objected. The law firm involved with the purchaser of the corporation formerly known as EcoIdeas does not want to be involved in this litigation. *See* ECF No. 29. The risk of prejudice, however, is not too high because even if Plaintiff were to eventually obtain default judgment against Defendant, Defendant will be no worse off given that due to its financial condition it is in bankruptcy and subject to the current Canadian RVO. It does risk the loss of a counterclaim or an offset possibility against the pending judgment.

Finally, granting withdrawal will not cause any greater delay to this case as it is in the early stages and subject to the Court's Scheduling Order. Based on the foregoing, consideration of the relevant factors weighs in favor of granting the Motion to Withdraw. Due to the notice issues, the Court can only conditionally grant the pending Motion.

The Court wants to provide the widest possible notice to this corporate Defendant because granting the Motion to Withdraw without new counsel appearing will subject the corporate Defendant to default. Therefore, as part of the conditions necessary for Lane & Waterman to withdraw, the Court orders EcoIdeas, or the company formerly known as EcoIdeas, to have new legal counsel enter an appearance on its behalf by **October 16, 2026**. Failure to do so will be considered a failure to defend/prosecute their counterclaim and subject them to entry of default by the Clerk of Court pursuant to Fed. R. Civ. P. 55(a). *See Canal Ins. Co. v. Ashmore*, 61 F.3d 15, 16–17 (8th Cir. 1995). Lane & Waterman is directed to serve all of the following: Corporate Defendant's previous last-known client contacts; agent for service of process if still in existence;

Miller Thomson LLP, counsel for 1001611870 Ontario Inc.; Dodick Landau Inc. as proposal trustee of ResidualCo.; and Loopstra Nixon LLP of Toronto, Ontario, with a copy of this Order by certified mail and file a notice of service with the Court upon completion. After successfully filing all the notices of service, the Court will grant the Motion to Withdraw upon either the appearance of new counsel or after October 16, 2026, whichever occurs first.

IT IS SO ORDERED.

Dated September 16, 2026.

William P. Kelly
U.S. Magistrate Judge